IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SALLY S. TRUITT, BETTY J. SHARP, )
BEN R. LONG, DENNIS MATTHEW )
LONG, IV, MATTHEW T. LONG, )
TENNESSEE PLEASANT )
PROPERTIES, LLC, VULCAN )
CONSTRUCTION MATERIALS, LP, )
VULCAN LANDS, INC., and VULCAN )
MATERIALS COMPANY, )
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
v. ) No.: 3:04-CV-545
) (VARLAN/GUYTON)
CITY OF MARYVILLE, )
)
　　　　　Defendant. )

**MEMORANDUM OPINION**

This is an action for declaratory relief pursuant to T.C.A. § 29-14-103. The complaint seeks a declaration that Maryville Zoning Ordinance No. 88-1 is void and/or does not apply to plaintiffs' rights to conduct quarrying and mining operations on property known as the Trotter Quarry Property. Removal to this court was predicated upon plaintiffs' alternative claims that the application of this zoning ordinance violated procedural and substantive due process. Currently pending is defendant City of Maryville's motion for summary judgment or, in the alternative, to dismiss plaintiffs' federal claims and remand the action to state court [Court File #15]. For the reasons that follow, this action remanded to state court. In all other respects, the motion will be denied.

Under the doctrine of *Burford* abstention, federal courts abstain from deciding cases where there is a need to defer to complex state administrative procedures. *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-18 (1943). In *New Orleans Public Service, Inc. v. Council of the City of New Orleans (NOPSI)*, 491 U.S. 350 (1989), the Court later described *Burford* abstention as appropriate in two instances:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Id.* at 361.

Numerous courts of appeals have recognized that *Burford* abstention is particularly appropriate when state law issues of land use and zoning are involved. *See McDonald v. Village of Northport, Mich.*, 164 F.3d 964 (6th Cir. 1999); *Sierra Club v. City of San Antonio*, 112 F.3d 789, 791-96 (5th Cir. 1997); *Pomponio v. Fauquier County Bd. of Supervisors*, 21 F.3d 1319, 1328 (4th Cir. 1994). The Fourth Circuit emphasized that abstaining under *Burford* was particularly appropriate in land use cases:

> [W]e believe that cases involving questions of state and local land use and zoning law are a classic example of situations in which "the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" We can conceive of few matters of public concern more substantial than zoning and land use laws.

*Id.* at 1327 (citations omitted). The *Pomponio* court concluded that "absent unusual circumstances, a district court should abstain under the *Burford* doctrine from exercising its jurisdiction in cases arising solely out of state or local zoning or land use law, despite attempts to disguise those issues as federal claims." *Id.* at 1327. It further described the federal claims in that case as "really state law claims because it is either the zoning or land use decisions, decisional processes, or laws that are the basis of the plaintiff's federal claims." *Id.* at 1326. The same is true in this case. All of the plaintiffs' claims address zoning and land use issues regarding whether or not quarry or mining operations may be continued and to what extent on the Trotter Quarry Property.

Because this case raises issues of local public concern which are best resolved in the state court in which this action was filed and the parties may receive any remedy in that court that could be obtained in this court, this action will be remanded to the Chancery Court of Blount County, Tennessee. All other pending motions will be denied as moot. The parties can raise those motions again in the Chancery Court of Blount County.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE